UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRIUS AARON,

        Petitioner,               Case No. 1:07-cv-193

v.                                    Honorable Richard Alan Enslen

KENNETH McKEE,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner seeks a stay of the proceedings while he exhausts some of his claims in the state courts. For the reasons set forth below, the Court will grant Petitioner's request and stay this case pending Petitioner's pursuit of his unexhausted claim in the state courts.

## Factual Background

Petitioner is incarcerated in the Bellamy Creek Correctional Facility. Following a bench trial, he was convicted in the Wayne County Circuit Court of armed robbery and possession of a firearm during the commission of a felony. On March 24, 2004, the trial court sentenced him to imprisonment of 57 months to 20 years for the armed robbery conviction and two years for a the felony-firearm conviction. Petitioner attempted to filed an appeal as of right in the Michigan Court of Appeals, but it was dismissed as untimely by the Michigan Court of Appeals. *See People v. Aaron*, No. 256457 (Mich. Ct. App. Aug. 18, 2004). The court of appeals indicated that Petitioner

could appeal his conviction only by filing a delayed application for leave to appeal. *Id.* Petitioner subsequently filed a delayed application for leave to appeal raising the following four claims of error:

> I. Defendant was denied the effective assistance of trial counsel where his trial counsel failed to procure at trial telephone records which would have substantiated Defendant's alibi defense, failed to introduce at trial medical records which would have substantiated his alibi defense and failed to adequately advise Defendant regarding the waiver of his right to trial by jury.
>
> II. Defendant's waiver of his right to trial by jury was not knowing, intelligent and voluntary, and was induced by threats from his trial counsel that his bond would be revoked if he demanded a jury trial.
>
> III. Defendant was denied due process when the trial court refused to hear testimony from Lateash Phillips indicating that she had another boyfriend who had access to the car used in the robbery, who matched the description of the robber and who had a history of armed robbery.
>
> IV. Defendant was denied the effective assistance of counsel when appellate counsel failed to prevail in having this appeal heard as of right.

The court of appeals denied Petitioner's delayed application for leave to appeal for lack of merit in the grounds presented, although Judge White would have granted the application. *See People v. Aaron*, No. 262397 (Mich. Ct. App. Sept. 16, 2005). Petitioner presented the same four claims in his application for leave to appeal in the Michigan Supreme Court. On March 29, 2006, the Michigan Supreme Court denied Petitioner's application for leave to appeal. *See People v. Aaron*, No. 129740 (Mich. Mar. 29, 2006). Justice Kelly would have remanded the case for an evidentiary hearing on Petitioner's claims of ineffective assistance of counsel. *Id.*

In February 2007, Petitioner filed a motion for relief from judgment in the Wayne County Circuit Court asserting the following new claims:

> A. Trial counsel was ineffective when he failed to challenge Petitioner's warantless arrest.

>    B.   Trial counsel was ineffective when he failed to move for a hearing to have the complainant's in court identification suppressed as there was no independent basis for the identification.
>
>    C.   The trial court abused its discretion by taking the roll of prosecutor and questioning Petitioner's alibi witnesses.
>
>    D.   The trial court and prosecutor blatantly bolstered the complainant's testimony by labeling her as an expert.

Petitioner's motion for relief from judgment remains pending in the state circuit court. He seeks a stay of the proceedings pending exhaustion of his claim.

## Discussion

### A.   **Exhaustion of state court remedies**

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Petitioner properly exhausted the four claims raised on direct appeal in the Michigan appellate courts. He concedes, however, that the four new claims raised in

his motion for relief from judgment are not yet exhausted because he has not received a decision from the state circuit court and exhausted one complete round of the State's established appellate review process.

### B. **Limitations period**

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on March 29, 2006. Petitioner did not petition for certiorari to the United States Supreme Court, though the 90-day period in which he could have sought review in the Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The 90-day period expired, and the one-year limitations period therefore began to run on June 28, 2006. Petitioner timely filed his petition on or about February 22, 2007.[1]

---

[1] Petitioner also filed his motion for relief from judgment in February 2007. The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). At the time Petitioner filed his motion, he had approximately 150 days remaining in the limitations period. The statute will remained tolled until Petitioner receives a decision from the Michigan Supreme Court. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (a motion for post-conviction relief is considered "pending" during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court on collateral review); *see also Lawrence v. Florida*, 127 S. Ct. 1079, 1083-85 (2007) (the statute is not tolled during the time that a petitioner petitions for writ of certoriari in the United Stated Supreme Court).

### C.   **Stay-and-abeyance procedure**

Because Petitioner has four claims that are exhausted and four claims that are unexhausted, his petition is "mixed." In *Rose v. Lundy*, 455 U.S. 509, 510 (1982), the Supreme Court directed district courts to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. 455 U.S. at 522. In light of the one-year statute of limitations adopted in 1996, dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court's holding in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit has adopted a stay-and-abeyance procedure to be applied to mixed petitions. In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *See also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

The Supreme Court recently held that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 276-78 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278.

A stay is appropriate in this case. Because Petitioner's appellate counsel failed to file a timely appeal, Petitioner was denied an appeal as of right. Moreover, Petitioner's appellate counsel failed to raise the claims presented in Petitioner's motion for relief from judgment. In addition, Petitioner's unexhausted claims are not "plainly meritless," and he has not engaged in any willfully dilatory tactics. *See Id*.

## Conclusion

For the foregoing reasons, the Court will grant Petitioner's request for a stay and administratively close this action pending Petitioner's pursuit of his unexhausted claims in the Michigan state courts.

An Order consistent with this Opinion shall enter.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>June 1, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |